UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BICHKIEU T. TRINH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:12cv379 |
| ) | |
| WELTMAN, WEINBERG & REIS CO., ) | |
| L.P.A., *et al.* ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants Weltman, Weinberg & Reis Co., L.P.A., Alan H. Weinberg, Jon P. Clemons, Thomas R. Kendell, Shawn Ryan, and Aaron S. Murray ("Defendants"), on September 5, 2012. The plaintiff, Bichkieu T. Trinh ("Trinh"), proceeding *pro se*, filed a response on September 7, 2012, to which the Defendants replied on September 12, 2012.

Also before the court is a "Motion to Separate Legal Councils [sic] and Trials", filed by Trinh on September 7, 2012. The Defendants responded to the motion on September 21, 2012, and Trinh declined to file a reply.

For the following reasons the motion to dismiss will be granted and the motion to separate will be denied.

## Discussion

Trinh has filed this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* Trinh alleges that he[1] is a consumer as defined in the FCRA, and that the

---

[1] The pleadings do not indicate whether Trinh is male or female, and the court is unfamiliar with Trinh's given name and cannot determine gender, thus the court will refer to

Defendants willfully violated the FCRA by repeatedly obtaining his credit report without a permissible purpose. Trinh also alleges that the Defendants negligently violated the FCRA by negligently obtaining his credit report without a permissible purpose.

The court will first address the motion to separate. In his motion Trinh alleges that having all the defendants in the same case will "confuse the jury and make it unreasonably difficult for the jury to attribute individual actions and charges as to one defendant or the others. The end result would be that Plaintiff would not receive a fair trial."

This motion is a bit confusing because Trinh sued all of the defendants in the same case. Moreover, as the Defendants note, Trinh's complaint does not allege any variance in conduct between the different defendants, and is based upon a singular action and legal issue. Motions for separate trials are governed by Rule 42(b) of the Rules of Federal Procedure, which provides that the court, at its discretion, may order a separate trial of any claim to, among other reasons, avoid prejudice. In the present case, Trinh has not provided any basis for his request for separate trials. Although he fears that the jury will be confused, he does not explain how a simple FCRA case could be confusing to a jury. Accordingly, the court will deny the motion to separate.

The court will now turn to the motion to dismiss. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *Albiero v. Town of Goodland*, 2012 U.S. Dist. LEXIS 19605 at 2 (N.D. Ind. 2012). Moreover, "[r]ule 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (citing FRCP 8(a)(2)). Thus, a complaint cannot rest on "recitals of the elements of a cause of action,

---

Trinh as "he" in this order. If Trinh is female, this court profoundly apologizes for the mistake.

supported by…conclusory statement… ." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). A complaint must contain sufficient factual matter that, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft*, 127 S.Ct. at 1940. "A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Albiero*, 2012 U.S. Dist. LEXIS 19605 at 3 (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc*., 67 F.3d 605, 608 (7th Cir. 1995)).

Courts liberally construe *pro se* complaints. *Albiero*, 2012 U.S. Dist. LEXIS 19605 at 4 (citing *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)). However, this broad liberal construction does not absolve a *pro se* litigant from the requirements of the rules of procedure. *Id*. (quoting *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)).

In support of their motion to dismiss the Defendants assert that Trinh's allegations fail to state a claim because the Defendants' conduct as alleged by Trinh fails to constitute a violation of the FCRA. Trinh's allegation in his Complaint is that the Defendants violated the FCRA by obtaining Trinh's credit report without a permissible purpose and did so intentionally and negligently. However the record is clear that the utilization of Trinh's credit report, as supported by Exhibit P1 to the Complaint, was under the protection of a permissible purpose, and no violation of the FCRA can be found when Defendants were acting under this permissible purpose.

The FCRA enumerates the purposes under which an individual or entity may use a consumer's credit report. *See Smith v. Ind. Mut. Credit Ass'n.*, 2007 U.S. Dist. LEXIS 18924 at 13-14 (citing 15 U.S.C. § 1681b for the proposition that the FCRA limits the persons who may obtain consumer credit reports). One specific purpose recounted under the FCRA is when "any

consumer reporting agency [furnishes] a consumer report…to a person which it has reason to believe…intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer… ." *Id.* (quoting 15 U.S.C. § 1681b). Moreover, "collection of an account is a permissible purpose for requesting a credit report." *Id.* (quoting *Allen v. Kirkland & Ellis*, 1992 U.S. Dist. LEXIS 12383 at 2 (N.D. Ill. 1992)). Thus, a debt collector's requesting a consumer's credit report for the purpose of collecting on an account does not amount to a violation of the FCRA because such use is authorized by statute as a permissible purpose. *See Young v. Harbor Motor Works, Inc.*, 2008 U.S. Dist. LEXIS 111909 (N.D. Ind. 2008) (recognizing the permissible purpose of obtaining a consumer credit report for the purpose of collecting on an account).

Other courts have construed a debt collector's obtaining of a consumer credit report for the purpose of collecting on an account as falling under the permissible purpose. In *Thomas v. United States Bank, N.A.*, the Ninth Circuit affirmed the District of Oregon's granting summary judgment in favor of U.S. Bank on the grounds that U.S. Bank's utilization of a consumer credit report in an attempt to collect on an account was a permissible purpose under the FCRA. 325 Fed. Appx. 592-3 (9th Cir. 2009). Other federal courts have held the same. *See Norman v. RJM Acquisitions*, LLC, 2012 U.S. Dist. LEXIS 111338 (N.D. Texas 2012) (granting summary judgment to debt collector on FCRA claim premised on debt collector obtaining consumer credit report); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3rd Cir. 2011 (same); *Miller v. Trans Union LLC*, 2007 U.S. Dist. LEXIS 14315 (N.D. Ill. 2007) (permissible purpose of collecting on an account extends to person or entity collecting as a judgment debtor).

4

Where, as here, a debt collector (Weltman), obtains a consumer credit report for the purposes of collecting on an account, the utilization of the consumer credit report falls under a permissible purpose use, which is authorized under the FCRA. A debt collector cannot be subject to liability under the FCRA on this basis alone. In Trinh's Complaint, the only basis on which Trinh attempts to assert a claim is the obtaining and usage of his consumer credit report without a permissible purpose. As Exhibit P1 to the Complaint shows, the Defendants are listed as "Collection Services" when they obtained Trinh's credit report on September 28, 2010 and February 2011. As "Collection Services" is a permissible purpose for obtaining a credit report and since Trinh makes no other allegations against any of the Defendants, the Complaint fails to state a claim upon which relief can be granted as to all the Defendants. Accordingly, the motion to dismiss will be granted.

## Conclusion

On the basis of the foregoing, the Defendants' motion to dismiss [DE 6] is hereby GRANTED and Trinh's "Motion to Separate Legal Councils and Trials" [DE 9] is hereby DENIED.

Entered: November 14, 2012.

s/ William C. Lee
William C. Lee, Judge
United States District Court